987 So.2d 171 (2008)
Kalliope VITAKIS, Appellant,
v.
David L. VALCHINE, Appellee.
No. 4D07-3941.
District Court of Appeal of Florida, Fourth District.
July 16, 2008.
Kalliope Vitakis, Pompano Beach, pro se.
Nancy W. Gregoire of Bunnell Woulfe Kirschbaum Keller & Gregoire, P.A., Fort Lauderdale, and Mark S. Steinberg of Mark S. Steinberg, P.A., Miami, for appellee.
STEVENSON, J.
The instant appeal arises from the divorce proceedings of Kalliope Vitakis and David L. Valchine. The final judgment of dissolution of marriage incorporated the terms of the parties' mediated marital settlement agreement. The former wife appealed the final judgment, arguing that there had been mediator misconduct and that she had entered into the agreement as a consequence of duress and coercion. This court remanded the case to the trial court so that it could make factual findings regarding the wife's claims of misconduct. See Vitakis-Valchine v. Valchine, 793 So.2d 1094 (Fla. 4th DCA 2001). On remand, the trial court found no mediator misconduct and no duress or coercion and upheld the settlement agreement; this court affirmed that ruling. See Valchine v. Valchine, 923 So.2d 511 (Fla. 4th DCA 2006).
The parties' settlement agreement included a provision that required the wife to "provide" the couple's frozen embryos to the husband so that he could dispose of them. The agreement also contained a provision providing that the agreement could not be modified except by written agreement. After this court's 2006 opinion upholding the settlement agreement, the husband filed a motion seeking to enforce the provision of the agreement requiring the wife to turn over to him the couple's frozen embryos. The wife insisted that the settlement agreement should not control because, during the pendency of the *172 appeals, the husband had a "change of heart" and indicated he would turn the embryos over to her; the wife acknowledged, though, that there was no writing, signed by the parties, modifying the terms of the settlement agreement. The trial court granted the husband's motion, finding the issue was controlled by the terms of the settlement agreement. We find no error in such ruling and affirm the order appealed.
Affirmed.
GROSS and MAY, JJ., concur.